UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL REYES ACOSTA,

     Petitioner,

v.                                    Case No.   2:26-cv-106-JES-NPM

DAVID  HARDIN,  GARRETT  J
RIPA, TODD LYONS, and PAMELA
JO BONDI,

     Respondents.

_____/

**OPINION AND ORDER**

Before  the  Court  are  Petitioner  Daniel  Reyes  Acosta's petition for writ of habeas corpus (Doc. 1) and the government's response (Doc. 4).  For the reasons below, the Court grants the petition to the extent set forth in this Order.

**I.   Background**

Reyes  Acosta  is  a  citizen  of  Cuba  who  entered  the  United States without inspection on February 8, 2022.  (Doc. 4 at 2). Although  unclear  from  the  pleadings,  it  appears  that  he  was apprehended by Immigration and Customs Enforcement (ICE) at the border but thereafter released on his own recognizance.  (Doc. 1 at 7).  He has complied with all required check-ins during that time and has no criminal record.  (Id.)  He also has a pending asylum claim.  (Id.)  Reyes Acosta is the father of United States citizen child.  (Id.)

On November 18, 2025, Reyes Acosta was arrested by ICE agents during a traffic stop. (Doc. 1 at 7). Since then, he has been detained at Glades County Detention Center under the mandatory detention provisions of 8 U.S.C. § 1225. (Doc. 4 at 4). He now argues, among other things, that he is entitled to a bond hearing under 8 U.S.C. § 1226(a). (Doc. 1 at 6-7).

## II.  Discussion

The core dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Reyes Acosta. The distinction matters because § 1225(b)(2) mandates detention throughout removal proceedings, whereas noncitizens detained under § 1226(a) have the right to a bond hearing before an immigration judge.

Section 1225(b)(1) establishes the procedures for expedited removal. It allows immigration officers to remove noncitizens "without further hearing or review." 8 U.S.C. § 1225(b)(1)(A)(i). Because expedited removal affords substantially fewer protections to the noncitizen's rights, the INA limits its applicability in two ways. First, noncitizens may be eligible for expedited removal "only if they are inadmissible on the basis that they either lack proper entry documents or falsified or misrepresented their application for admission." Coalition for Humane Immigrant Rights v. Noem, --- F. Supp. ---, ---, 2025 WL 2192986, at *5 (D.D.C. 2025) (citing 8 U.S.C. §§ 1225(b)(1)(A)(i) and

2

1182(a)(6)(C), (a)(7)).   And "[a]mong that set, only two categories of noncitizens are eligible for expedited removal:  (1) noncitizens 'arriving in the United States,' and (2) noncitizens who 'ha[ve] not been admitted or paroled into the United States' and cannot affirmatively show that they have been 'physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility.' "   Id. (quoting 8 U.S.C. § 1225(b)(1)(A)(i)-(iii)).

Section 1226 of the INA also "authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings[.]"   Jennings v. Rodriguez, 583 U.S. 281, 289 (2018).  But § 1226 provides additional safeguards, including the right to an individualized bond hearing.  Id. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.")(citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).   Noncitizens already in the country are treated differently than those seeking entry.  As the Supreme Court observed, "our immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality.  In the latter instance the Court has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of

3

initial entry.'"  Leng May Ma v. Barber, 357 U.S. 185, 187 (1958) (quoting Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206 (1953)); see also Zadvydas v. Davis, 533 U.S. 678, 693 (2001)("But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").  And until recently, DHS has treated aliens—such as Reyes Acosta—already present in the country as detained under § 1226 and entitled to bond hearings.[1]

Respondents argue that Reyes Acosta is properly detained under section 1225(b).[2]  However, they make no cogent argument that he is subject to expedited removal.  The government could

---

[1] The Government's recent about-face toward mass mandatory detention under § 1225 was blessed by the Board of Immigration Appeals ("BIA") in In re Yajure Hurtado. 29 I.& N. Dec. 216, 229 (B.I.A. 2025).  But the Court does not owe deference to the BIA's statutory interpretations. In 2024, the Supreme Court concluded that "agencies have no special competence in resolving statutory ambiguities. Courts do." Loper Bright Enters. v. Raimondo, 603 U.S. 369, 400-01 (2024).  And "[c]ourts interpret statutes, no matter the context, based on the traditional tools of statutory construction, not individual policy preferences." Id. at 403.

[2] Respondents also argue that the Court lacks jurisdiction to consider this petition and that Petitioner has not properly exhausted his administrative remedies. (Doc. 4 at 5).  The Court has rejected identical arguments in recent cases presenting the same issues.  See Cetino v. Hardin, No. 2:25-cv-1037-JES-DNF (M.D. Fla. December 12, 2025); Patel v. Parra, No. 2:25-cv-870-JES-NPM (M.D. Fla. Dec. 2, 2025); Reyes Rodriguez v. Florida Southside Facility, No. 2:25-cv-1012-JES-DNF (M.D. Fla. December 15, 2025). In those cases, the Court was satisfied of its jurisdiction and determined that exhaustion was excused because it would be futile. The Court's reasoning on these issues also applies here.

have designated Reyes Acosta for expedited removal when he entered the country in 2022.  Instead, they released him and allowed him to stay almost four years before arresting him.  As a result, he is not eligible for "expedited" removal, and Respondents' authority to detain him stems from section 1226(a).  As a noncitizen detained under section 1226(a), Reyes Acosta has a right to a bond hearing.

The Court will thus order Respondents to either bring Reyes Acosta before an immigration judge for a bond hearing or release him within ten days.  The Court is aware that the Executive Office for Immigration Review ("EOIR") is the agency that schedules bond hearings.  In other cases, Respondents have claimed they cannot direct the EOIR when to conduct a bond hearing.  Regardless, subjecting Reyes Acosta to mandatory detention under § 1225(b)(1) is unlawful.  If Respondents are unable to ensure that Reyes Acosta timely receives the bond hearing to which he is entitled under § 1226(a), they must release him.

Accordingly, it is **ORDERED:**

1.    Daniel Reyes Acosta's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this Order.

2.    Within **TEN (10) DAYS**, Respondents shall either provide Reyes Acosta with the statutory process required under § 1226, which includes a bond hearing, or release him under reasonable conditions of supervision.

3.    If  Respondents  release  Reyes  Acosta,  they  shall facilitate  his  transportation  from  the  detention  facility  by notifying his counsel when and where he may be collected.

4.    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE and ORDERED** in Fort Myers, Florida on February 3, 2026.


_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

6